UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHARON WHITE                             CIVIL ACTION NO. 08-cv-0389

VERSUS                                   REFERRED TO:

U.S. COMMISSIONER SOCIAL                 MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Sharon White ("Plaintiff") has an 11th-grade education and past work experience as a housekeeper/janitor. She was 47 years old when ALJ W. Thomas Bundy rejected her claim that she is disabled because of problems including diabetes, swelling hands and feet, headaches, and nausea.

The ALJ found that Plaintiff had hypertension and diabetes, impairments that are severe within the meaning of the regulations, but not severe enough to meet or medically equal a listing. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work activity, meaning that she could lift/carry 20 pounds and frequently lift/carry 10 pounds, stand/walk six hours a day, and occasionally climb, balance, stoop, kneel, and crouch. The ALJ ended the analysis at step four when he found that Plaintiff's RFC permitted her to perform the demands of her past work as she had performed it. Tr. 29-31.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent

to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

Plaintiff argues that the Commissioner's decision that she can perform her past work as a housekeeper/janitor is not supported by substantial evidence, and that there is substantial evidence that she cannot perform light or even sedentary work. The general attack on the RFC is based on the contents of a functional capacity evaluation performed by a physical therapist at Tri-State Physical Therapy several months after the ALJ issued his written decision. The report was submitted to the Appeals Council, so the court must consider it in determining whether there is substantial evidence to support the Commissioner's final decision. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005).

Social Security Ruling 06-3p sets forth guidance, citing applicable regulations, for the consideration of medical and other sources. A physical therapist is not a medical source, so he may not establish the existence of a medically determinable impairment or render a treating source opinion that may be entitled to controlling weight. But therapists are included among other sources that may be considered to show the severity of the impairment and how it affects the person's ability to function. The Ruling sets forth factors that should be considered in weighing such evidence, and the ALJ is directed to generally explain the

weight given to the opinions so that a claimant or subsequent reviewer may follow his reasoning.

The Appeals Council generally acknowledged that it had received the additional information, but it did not engage in any explanation of the weight that was afforded the opinion. The Appeals Council, however, does not ordinarily write detailed opinions about why it denies a request for review. In some cases, that lack of explanation might deprive the agency decision of substantial evidence or otherwise require a remand, but plaintiffs will not be able to secure a remand every time they simply file some supporting evidence with the Appeals Council. There may still be substantial evidence from other sources to support the final decision. Furthermore, a claimant should be encouraged to present her best case at the hearing before the ALJ so that the evidence receives the fullest consideration and the administrative/judicial review process is not unduly slowed by claimants who attempt to take a second bite at the apple after their efforts at the first hearing are not successful. The record in this case, for the reasons explained below, does not warrant judicial relief.

The record includes a consultative examination report from Dr. Scott Bergeaux. He recorded that Plaintiff had a history of hypertension and diabetes, which she attempted (with various levels of success) to treat with diet and medication. He noted that Plaintiff had a history of carpal tunnel syndrome and was wearing a splint on her left wrist for comfort at the time of the exam. Plaintiff was able to walk, bend, and squat without difficulty. She had normal grip strength with adequate fine motor movements, dexterity, and ability to grasp

objects with both hands. Dr. Bergeaux opined that Plaintiff should be able to sit, walk, and/or stand for a full workday. He added that Plaintiff could lift/carry objects of at least 20 pounds, and he said that Plaintiff had no postural or manipulative (fingering, feeling, handling) limitations. Tr. 176-78.

The record also includes a report by a state agency medical examiner, Dr. Anthony Scardino, who reviewed the records of Plaintiff's treatment for hypertension, diabetes, and carpal tunnel syndrome. He found that Plaintiff was capable of performing (essentially) the demands of light work, including the ability to stand/walk (with normal breaks) for a total of about six hours in a workday, and he found that Plaintiff's ability to push and/or pull such as with hand controls was unlimited. He placed no limits on Plaintiff's ability to reach, handle, or finger. Tr. 123-30.

The ALJ cited these reports in support of his RFC. The Tri-State report states that Plaintiff generally provided reliable and safe-maximal performance during the evaluation, but the therapist believed that Plaintiff's description of the severity of her symptoms was "generally unreliable and disproportionate with the actual functional loss caused by her impairments." The therapist found that Plaintiff had the RFC to perform work classified in the sedentary to restricted-light level. In describing specific limitations, he wrote that Plaintiff would need, on average, to sit for 20 minutes each hour.

The Commissioner's decision regarding Plaintiff's RFC is reviewed under the substantial evidence standard. "Substantial evidence is more than a scintilla and less than a

preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Even without a written explanation, the final agency decision is supported by substantial evidence. The ALJ found the medical source reports persuasive, and the presence of the therapist's report is not enough to deprive the agency decision from being based on credible evidentiary choices.

A determination at step four, ability to perform past relevant work, may rest on descriptions of the past work as actually performed or as generally performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). The ALJ decided that Plaintiff was capable of performing her past job as she performed it. Plaintiff completed forms for the agency that asked questions about the demands of her past job as a housekeeper. Plaintiff reported that she had most recently worked 10-hour days, with seven hours of walking/standing during the day. Plaintiff stated that she had to lift and carry cleaning supplies, mop buckets, and other weights up to 20 or 25 pounds. She described the job as cleaning toilets, filling soap dispensers, pouring water down drains, mopping, pushing a cart, and replacing toilet paper and napkins. Plaintiff wrote that she serviced 25 toilets twice a day, and she cleaned five others four times a day. Tr. 80-81. A similar description is found at Tr. 71-72.

Plaintiff wrote on another form that she would walk or stand all day on the job, sitting only at lunch. She wrote that the job included cleaning restrooms, mopping, vacuuming, and taking out trash. She estimated the heaviest weight she lifted was less than 10 pounds. Tr. 56. Plaintiff testified at the hearing that she had to turn a key 125 times a day, which hurt her wrist. Tr. 392-93.

Plaintiff testified that her problems with her hands prevent her from doing many of the tasks at her former job. The ALJ reviewed the medical evidence, including a nerve conduction study and the consultative exam discussed above. He recognized that Plaintiff may experience some degree of discomfort, but found that it was not inconsistent with the performance of light work activity. His determination, though perhaps debatable, is supported by medical evidence. The principal evidence cited by Plaintiff is her own testimony, but an ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). The ALJ included in his decision an adequate discussion of his reasons for the credibility assessment, so it must be assumed for purposes of review that Plaintiff does have the RFC found by the ALJ.

The ALJ reviewed the evidence about Plaintiff's past work. He found that it included filling toilet paper, napkin, and soap dispensers, cleaning toilets, and mopping floors, with the heaviest weight lifted at 20 pounds. Tr. 30. That assessment of the work finds support

Plaintiff wrote on another form that she would walk or stand all day on the job, sitting only at lunch. She wrote that the job included cleaning restrooms, mopping, vacuuming, and taking out trash. She estimated the heaviest weight she lifted was less than 10 pounds. Tr. 56. Plaintiff testified at the hearing that she had to turn a key 125 times a day, which hurt her wrist. Tr. 392-93.

Plaintiff testified that her problems with her hands prevent her from doing many of the tasks at her former job. The ALJ reviewed the medical evidence, including a nerve conduction study and the consultative exam discussed above. He recognized that Plaintiff may experience some degree of discomfort, but found that it was not inconsistent with the performance of light work activity. His determination, though perhaps debatable, is supported by medical evidence. The principal evidence cited by Plaintiff is her own testimony, but an ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). The ALJ included in his decision an adequate discussion of his reasons for the credibility assessment, so it must be assumed for purposes of review that Plaintiff does have the RFC found by the ALJ.

The ALJ reviewed the evidence about Plaintiff's past work. He found that it included filling toilet paper, napkin, and soap dispensers, cleaning toilets, and mopping floors, with the heaviest weight lifted at 20 pounds. Tr. 30. That assessment of the work finds support

in Plaintiff's testimony and written submissions. Plaintiff's past work was obviously demanding despite the categorization of it as light work, and Plaintiff has acknowledged limitations on her abilities. The ALJ found, however, that Plaintiff can still perform the demands of her past work. Reasonable minds might differ if judging the evidence in the first instance, but there is substantial evidence to support the ALJ's decision, so the Commissioner's decision must be affirmed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of February, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE